```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x
                                        :
UNITED STATES OF AMERICA                :    INDICTMENT
                                        :
          -v.-                          :    07 Cr.
                                        :
NORMAN HSU,                             :
                                        :
              Defendant.                :
- - - - - - - - - - - - - - - - - - - -x
```

07 CRIM 1066

### COUNTS ONE THROUGH SIX

(Mail Fraud)

The Grand Jury charges:

**Relevant Persons And Entities**

1.  At all times relevant to this Indictment, NORMAN HSU, the defendant ("HSU"), was the Managing Director of Components Ltd. and of Next Components Ltd.

2.  At all times relevant to this Indictment, NORMAN HSU, the defendant, falsely claimed to his victims that Components Ltd. and Next Components Ltd. were involved in extending short-term financing to businesses.

**Overview Of The Scheme To Defraud**

3.  At all times relevant to this Indictment, NORMAN HSU, the defendant, utilized Components Ltd. and Next Components Ltd. to facilitate a scheme to defraud victims out of tens of millions of dollars.

4.  Beginning at least in or about 2000, NORMAN HSU, the defendant, recruited victims by making false promises of guaranteed short-term, high-return investments.  On many occasions, HSU initially repaid victims both the invested principal and interest as promised.  Believing Components Ltd. and Next Components Ltd. to be legitimate entities and potentially extremely profitable, and that HSU was trustworthy, victims then often agreed to roll over their invested funds into new larger investments with HSU, and to recruit others to invest with HSU.  HSU then ceased paying the victims the promised interest and did not return the principal.

5.  NORMAN HSU, the defendant, convinced victims from across the United States to invest in Components Ltd. and Next Components Ltd.  From in or about 2000 through in or about August 2007, HSU convinced his victims to invest at least $60 million in his fraudulent scheme.  In the end, after making certain payments intended to perpetuate the scheme, HSU swindled his victims out of at least $20 million.

6.  Between in or about 2004 and 2007, NORMAN HSU, the defendant, in an effort to raise his public profile and thereby convince more victims to invest in his fraudulent scheme, pressured many of his victims to individually contribute thousands of dollars to various candidates for President of the United States, the United States Senate, and the United States

House of Representatives (collectively, "Federal Office") whom HSU supported. HSU made direct and implied threats to these victims, leading them to believe that their failure to make the required political contributions would adversely impact their ongoing investment relationships with HSU.

7. Between in or about 2005 and 2007, NORMAN HSU, the defendant, also asked victims to contribute to specific candidates for Federal Office, and then directly reimbursed the victims for their contributions from his fraud proceeds, in violation of federal campaign finance laws.

### The Solicitation Of Investors

8. NORMAN HSU, the defendant, met potential investors at various locations in New York, New York, including his residence and several hotels.

9. NORMAN HSU, the defendant, recruited victims across the United States to invest in Components Ltd. and Next Components Ltd., primarily through "word-of-mouth" referrals.

10. NORMAN HSU, the defendant, misled victims by telling them that they could make a significant amount of money by investing in HSU's businesses. HSU obtained victims' funds by making false promises of guaranteed high rates of return on investments in the short term, and providing guarantees on the long-term return of the principal investment. HSU documented the

terms of these investments in written agreements he entered into with his victims.

### Operation Of The Scheme To Defraud

11. Victims invested money with NORMAN HSU, the defendant, through Components Ltd. and Next Components Ltd. in a variety of ways. Some victims sent personal checks to HSU. Other victims invested through funds set up to pool money destined for HSU. HSU communicated with victims through a variety of means, including FedEx, interstate facsimile, and e-mails sent through computer servers operating in interstate commerce.

12. After receiving initial investments from the victims, NORMAN HSU, the defendant, initially repaid both the victims' interest and principal. To make these initial payments to his victims, however, HSU used money he had solicited from other victims, rather than from returns on any legitimate short-term financing arrangements. Because victims believed that these initial "investments" had been successful, that Components Ltd. and Next Components Ltd. were legitimate and profitable companies, and that HSU was trustworthy, victims thereafter agreed to roll-over their invested funds into new investments, and often invested additional sums of money in HSU's fraudulent scheme.

**The Collapse Of The Scheme**

13. In or about late August 2007 and early September 2007, the victims learned of media accounts describing the legal problems of NORMAN HSU, the defendant. Specifically, victims learned that HSU was a fugitive from law enforcement authorities in California, where he had previously been charged with fraud. Several of the victims contacted HSU at that time, expressing their concerns to HSU that their investments were in danger. HSU falsely reassured many of the victims, stating in sum and substance that their investments were not in danger but that HSU might need additional time to ensure that checks maturing during the next several days would be covered. Notwithstanding HSU's assurances, however, victims later attempted to cash millions of dollars worth of HSU's checks, but the checks were not honored by banks.

14. On or about September 5, 2007, NORMAN HSU, the defendant, failed to report to San Mateo County Court in California for a bail hearing. A warrant was issued for HSU's arrest.

15. On or about September 6, 2007, NORMAN HSU, the defendant, became ill while riding on an Amtrak train traveling from California to Denver, Colorado. HSU was removed from the train and taken to a hospital in Grand Junction, Colorado. Later that day, FBI agents arrested HSU pursuant to a warrant charging

him with unlawful flight to avoid prosecution. HSU was then extradited from Colorado to California to face his outstanding state court charges.

### Statutory Allegations

16. On or about the dates set forth below, in the Southern District of New York and elsewhere, NORMAN HSU, the defendant, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting so to do, unlawfully, wilfully and knowingly did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carrier, and did take and receive therefrom, such matters and things, and did knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matters and things, to wit, HSU caused the following matters and things to be mailed and delivered in furtherance of his scheme via FedEx:

| COUNT | DATE | FROM | TO |
|---|---|---|---|
| ONE | 1/11/00 | Components Ltd., New York, New York | Victim #1 in California |
| TWO | 9/12/03 | Components Ltd., New York, New York | Victim #2 in California |
| THREE | 1/16/06 | Components Ltd., New York, New York | Victim #3 in New York |
| FOUR | 9/30/06 | Components Ltd., New York, New York | Victim #4 in California |
| FIVE | 6/14/07 | Components Ltd., New York, New York | Victim #5 in California |
| SIX | 8/10/07 | Components Ltd., New York, New York | Victim #6 in California |

(Title 18, United States Code, Sections 1341 and 2.)

**COUNTS SEVEN THROUGH TWELVE**

(Wire Fraud)

The Grand Jury further charges:

17. The allegations contained in paragraphs 1 through 15 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

18. On or about the dates set forth below, in the Southern District of New York and elsewhere, NORMAN HSU, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations and promises, unlawfully, willfully, and knowingly, did transmit and cause to

-7-

be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifices; to wit, HSU caused the following interstate wire transmissions to be made in furtherance of his scheme:

| COUNT | DATE | FROM | TO | NATURE OF WIRE |
|---|---|---|---|---|
| SEVEN | 1/11/00 | Norman Hsu | Victim #1 | Facsimile sent from New York to California regarding investment of $20,000 |
| EIGHT | 9/12/03 | Norman Hsu | Victim #2 | Facsimile sent from New York to California regarding investment of $25,000 |
| NINE | 12/31/05 | Norman Hsu | Victim #3 | E-mail regarding investment of $2.6 million |
| TEN | 9/19/06 | Norman Hsu | Victim #4 | E-mail regarding investment of $75,000 |
| ELEVEN | 6/8/07 | Norman Hsu | Victim #5 | E-mail regarding investment of $60,000 |
| TWELVE | 7/31/07 | Norman Hsu | Victim #6 | E-mail regarding investment of $800,000 |

     19.  The e-mails described in Counts Nine through Twelve were sent to and from HSU's e-mail account at AOL (formerly known as America Online).  E-mails sent through AOL

always pass through a server in Virginia before being routed to the ultimate recipient.

(Title 18, United States Code, Sections 1343 and 2).

**COUNT THIRTEEN**

(Campaign Finance Fraud)

The Grand Jury further charges:

20. The allegations contained in paragraphs 1 through 15 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

21. In or about 2005, in the Southern District of New York and elsewhere, NORMAN HSU, the defendant, knowingly and willfully violated the Federal Election Campaign Act by making contributions to various candidates for President of the United States, the United States Senate, and the United States House of Representatives in the names of others in excess of $25,000 or more during the calendar year of 2005.

(Title 2, United States Code, Sections 441f and 437g(d)(1)(A).)

**COUNT FOURTEEN**

(Campaign Finance Fraud)

The Grand Jury further charges:

22. The allegations contained in paragraphs 1 through 15 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

23. In or about 2006, in the Southern District of New York and elsewhere, NORMAN HSU, the defendant, knowingly and willfully violated the Federal Election Campaign Act by making contributions to various candidates for President of the United States, the United States Senate, and the United States House of Representatives in the names of others in excess of $25,000 or more during the calendar year of 2006.

(Title 2, United States Code, Sections 441f and 437g(d)(1)(A).)

**COUNT FIFTEEN**

(Campaign Finance Fraud)

The Grand Jury further charges:

24. The allegations contained in paragraphs 1 through 15 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

25. In or about 2007, in the Southern District of New York and elsewhere, NORMAN HSU, the defendant, knowingly and willfully violated the Federal Election Campaign Act by making

contributions to various candidates for President of the United States, the United States Senate, and the United States House of Representatives in the names of others in excess of $25,000 or more during the calendar year of 2007.

(Title 2, United States Code, Sections 441f and 437g(d)(1)(A).)

**FORFEITURE ALLEGATION**

26. As the result of committing one or more of the mail and wire fraud offenses in violation of 18 U.S.C. §§ 1341 and 1343, alleged in Counts One through Twelve of this Indictment, NORMAN HSU, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the mail and wire fraud offenses, including but not limited to the following:

　　a.　The amount of proceeds obtained as a result of the mail fraud and wire fraud offenses, including but not limited to at least $20 million in United States currency.

　　b.　All United States currency, funds or other monetary instruments held in escrow by the Clerk of the Superior Court of the State of California in and for the County of San Mateo County, as bail proceeds in the matter of People of the State of California v. Norman Yung Yuen Hsu, No. SC 27698A.

      c.    All United States currency funds held in deposit in the Registry of the United States District Court for the Southern District of New York, in the interpleader complaint of <u>John K. Graham, as Trustee of the Post Office Square Special Trust</u> v. <u>Joel Rosenman, Source Financing Investors LLC, Martin L. Waters, Briar Wood Investments LLC, and Norman Hsu</u>, 07 Civ. 8407 (CSH).

      d.    A saxophone autographed by a former President of the United States, located on the premises of 160 Wooster Street, Apartment 3C, New York, New York.

      e.    Various bottles of wine and champagne located on the premises of 160 Wooster Street, Apartment 3C, New York, New York.

      f.    All United States currency, funds or other monetary instruments seized from the Bank of America, Atlanta, Georgia, including the contents of the following accounts:

          (1)    Account Number 009505927515, in the name of "Side B, Inc.";

          (2)    Account Number 009505927726, in the name of "Next Components, Ltd.";

          (3)    Account Number 009420499136, in the name of "Components, Ltd.".

      g.    All United States currency, funds or other monetary instruments seized from the Metropolitan Bank, New York,

New York, including the contents of Account Number 120154, in the name of Norman Hsu.

<u>Substitute Asset Provision</u>

27. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C),
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

Deputy FOREPERSON

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

-13-

```
Form No. USA-33s-274 (Ed. 9-25-58)
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**NORMAN HSU,**

Defendant.

**INDICTMENT**

07 Cr.

(Title 18 United States Code, Sections
1341, 1343; Title 2, United States Code,
Section 441f.)

MICHAEL J. GARCIA
United States Attorney

A TRUE BILL

_____
Deputy            Foreperson.